SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
DEREK R. HAVEL, Cal Bar No. 193464
CASSIDY M. ENGLISH, Cal. Bar No. 268103
LIMORE TORBATI, Cal. Bar No. 301932
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant CBRE GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CBRE GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No: 8:18-CV-237<br><br>[Orange County Superior Court Case No. 30-2017-00945702-CU-OE-CXC]<br><br>**DEFENDANT CBRE GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1331 AND 1441(a) (FEDERAL QUESTION JURISDICTION)**<br><br>[*Filed concurrently with Notice of Interested Parties*]<br><br>Complaint Filed: September 22, 2017<br>FAC Filed: December 4, 2017<br>Trial Date: None |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

1  **PLEASE TAKE NOTICE** that, Defendant CBRE Group, Inc. ("CBRE"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1446.  This Court has original subject jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction).  Removal is proper based on the following grounds:

## BACKGROUND

1.  On or about September 22, 2017, Plaintiff Ricardo Romo ("Plaintiff") filed a proposed class action and Fair Labor Standards Act ("FLSA") collective action Complaint against CBRE, in the Superior Court of the State of California, County of Orange – Complex Civil Center, Case No. 30-2017-00945702-CU-OE-CXC (the "Complaint").  A true and correct copy of the Complaint and related Summons, class action 17200 questionnaire, and civil case cover sheet are attached hereto as **Exhibit A.**

2.  On December 4, 2017, Plaintiff filed a First Amended Complaint ("FAC") against CBRE on behalf of himself and the proposed classes.  This is the operative complaint.  A true and correct copy of the FAC and related Summons is attached hereto as **Exhibit B.**  The FAC alleges ten causes of action arising out of Plaintiff's employment with CBRE.  Specifically, Plaintiff brings claims for: (1) failure to pay wages under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 206, 207; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to pay wages for hours worked; (7) failure to pay wages due and payable twice monthly; (8) failure to pay wages upon termination of employment; (9) unlawful competition and unlawful business practice; and (10) violations of the Private Attorney General Act.

**TIMELINESS OF REMOVAL**

3. On January 10, 2018, pursuant to an agreement between the parties, CBRE returned a signed Notice and Acknowledgement of Receipt of the Summons and FAC, and service was effectuated as of this date. Cal. Code Civ. Proc. §415.30. A true and correct copy of the completed notice of acknowledgement and receipt is attached hereto as **Exhibit C**.

4. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the FAC) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION**
**BASED ON 29 U.S.C. §§201** *et seq.*

5. This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims in the FAC, and thus this case may be removed pursuant to 28 U.S.C. § 1441(a), in that it is a civil action that presents a federal question.

6. Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has filed this action as a FLSA collective action. As his first cause of action, Plaintiff alleges that CBRE violated the FLSA and 29 U.S.C. §§ 201 *et seq.*, because CBRE failed to pay Plaintiff and similarly situated employees minimum wages and overtime wages and failed to properly record, report and preserve accurate records of all hours worked.[1]

7. Plaintiff alleges he was employed with CBRE as a non-exempt maintenance and janitorial employee.[2] Plaintiff alleges that he and proposed class and collective action members were forced to work off-the-clock, were sometimes required to remain on-call during times when they were not being paid, were

---

[1] FAC ¶¶ 36-45.
[2] FAC ¶ 5.

required to work during their breaks, and were asked to work over forty hours in a work week without being paid overtime.[3] Plaintiff further alleges that CBRE maintained a company policy to limit and discourage overtime and require approval without adjusting work requirements, and that employee pay records did not accurately reflect all hours worked, which resulted in Plaintiff and proposed class and FLSA collective action members working "substantial regular and overtime hours" during their employment, for which they were not compensated.[4]

8. Since Plaintiff's claims arise in part from the laws of the United States, and an alleged violations of the FLSA, this Court has original jurisdiction over this action.

## SUPPLEMENTAL JURISDICTION

9. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law causes of action, most of which are predicated on and related to CBRE's claim for alleged failure to pay overtime and minimum wages under the FLSA. Indeed, Plaintiff's state law causes of action rely on the same factual allegations, which support Plaintiff's FLSA claim.[5] Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

10. Venue lies in the Central District of California, Southern Division, pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(3). This action originally was brought in the Superior Court of the State of California, County of Orange –

---

[3] FAC ¶¶12-14.
[4] FAC ¶¶12-14, 36-45.
[5] FAC ¶¶11-22; *see generally* FAC.

Complex Civil Center, and Plaintiff alleges he worked for CBRE in the County of Orange, California.[6]

## NOTICE OF REMOVAL

11. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Orange.

12. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on CBRE or filed by CBRE are attached hereto as the following exhibits, including the original Complaint and related Summons, class action 17200 questionnaire, and civil case cover sheet (**Exhibit A**), the FAC and related Summons, (**Exhibit B**), the completed Notice and Acknowledgement of Receipt of the FAC and Summons (**Exhibit C**), the notice of case assignment to Judge William Claster (**Exhibit D**), the Court's case management order and certificate of mailing (**Exhibit E**), Plaintiff's Peremptory Challenge as to Judge Claster (**Exhibit F**), Notice of the Court's ruling as to Plaintiff's Peremptory Challenge (**Exhibit G**), CBRE's Peremptory Challenge as to Judge Kim Dunning (**Exhibit H**), the minute order as to CBRE's Peremptory Challenge (**Exhibit I**), and CBRE's Answer to Plaintiff's FAC (**Exhibit J**).

**WHEREFORE**, CBRE requests that the above action pending before the Superior Court of the State of California for the County of Orange be removed to the United States District Court for the Central District of California, Southern Division.

---

[6] FAC ¶5.

| | | |
|---|---|---|
| 1 | Dated:  February 9, 2018 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |

By  _____
DEREK R. HAVEL
CASSIDY M. ENGLISH
LIMORE TORBATI

Attorneys for Defendant
CBRE GROUP, INC.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On February 9, 2018, I served true copies of the following document(s) described as **DEFENDANT CBRE GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1331 AND 1441(a) (FEDERAL QUESTION JURISDICTION)** on the interested parties in this action as follows:

**Richard E. Quintilone II, Esq.**
**George A. Aloupas, Esq.**
**Quintilone & Associates**
**22974 El Toro Road, Suite 100**
**Lake Forest, CA 92630-4961**

**Roger R. Carter, Esq.**
**Bianca A. Sofonio, Esq.**
**THE CARTER LAW FIRM**
**23 Corporate Plaza, Suite 150**
**Newport Beach, CA 92660**

**Marc H. Phelps, Esq.**
**THE PHELPS LAW GROUP**
**23 Corporate Plaza, Suite 150**
**Newport Beach, CA 92660**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 9, 2018, at Los Angeles, California.

Gino M. Pasquale

SMRH:485284801.1