SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal Bar No. 193464
CASSIDY M. ENGLISH, Cal. Bar No. 268103
LIMORE TORBATI, Cal. Bar No. 301932
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
CBRE GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>CBRE GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No: 8:18-cv-00237-JLS-KES<br><br>**JOINT STIPULATION TO STAY ALL PROCEEDINGS PENDING *MORRIS* AND TO FILING OF SECOND AMENDED COMPLAINT DISMISSING DEFENDANT CBRE GROUP, INC. AS A PARTY AND ADDING CBRE, INC.**<br><br>Complaint Filed:  September 22, 2017<br>FAC Filed: December 4, 2017<br>Trial Date:  None |

-1-

Plaintiff Ricardo Romo ("Plaintiff") and Defendant CBRE Group, Inc. ("Defendant") (collectively, the "Parties"), by and through their undersigned attorneys of record, submit the following Joint Stipulation pursuant to the Court's March 28, 2018 Minute Order to address the Parties' agreement with respect to three threshold matters:  (1) the Parties' joint request to stay all proceedings in this matter pending the Supreme Court's decision in *Morris v. Ernst & Young, LLP*, 834 F. 3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (Jan. 13, 2017) (No. 16-300) ("*Morris*"); (2) the dismissal of Defendant CBRE Group, Inc. subject to a tolling agreement; and (3) the filing of a Second Amended Complaint deleting Defendant CBRE Group, Inc. as a Defendant and adding CBRE, Inc. as a Defendant, substituting for a fictitiously named "DOE" Defendant.

WHEREAS, on September 22, 2017, Plaintiff filed a putative wage-and-hour class and collective action complaint against Defendant in the Orange County Superior Court, and on December 4, 2017, Plaintiff filed a First Amended Complaint ("FAC") alleging the following causes of action:  (1) failure to pay wages under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 206, 207; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to pay wages for hours worked; (7) failure to pay wages due and payable twice monthly; (8) failure to pay wages upon termination of employment; (9) unlawful competition and unlawful business practice; and (10) Private Attorneys General Act ("PAGA") penalties.  Plaintiff seeks to bring his claims on behalf of a proposed class of all current and former non-exempt employees who worked for Defendant in California at any time between September 2013 and the present.

1   WHEREAS, Defendant answered the FAC on February 7, 2018 and removed
2   the case to this Court on February 9, 2018.

3

4   WHEREAS, on February 7, 2018 and March 6, 2018, counsel for Defendant
5   provided a copy of the arbitration agreement applicable to Plaintiff, and counsel for
6   the Parties met and conferred pursuant to Local Rule 7-3, regarding Defendant's
7   anticipated motion to compel Plaintiff's claims to individual arbitration.

8

9   WHEREAS, Defendant contends that all of Plaintiff's claims, except for the
10  tenth cause of action asserted under the PAGA, are subject to a valid and
11  enforceable arbitration agreement between the parties, which contains an express
12  class action waiver.  As such, Defendant contends that Plaintiff must be compelled
13  to arbitration on an individual basis only.  On the other hand, Plaintiff asserts that
14  the arbitration agreement is unenforceable in part because the class action waiver is
15  invalid pursuant to the Ninth Circuit's decision in *Morris*.  Specifically, the issue
16  before the Supreme Court is whether the collective-bargaining provisions of the
17  National Labor Relations Act ("NLRA") prohibit the enforcement under the Federal
18  Arbitration Act of a waiver of class or collective actions in an arbitration agreement,
19  which Plaintiff's agreement includes.  In *Morris*, the Ninth Circuit joined the
20  Seventh Circuit in holding that class action waivers violate employees' rights to
21  engage in concerted activity under the NLRA.  *See Lewis v. Epic Systems Corp.*, 823
22  F.3d 1147 (7th Cir. 2016).  The Ninth Circuit's opinion splits with the Second, Fifth
23  and Eighth Circuits, which have reached the opposite conclusion.  *See D.R. Horton,*
24  *Inc. v. NLRB*, 737 F.3d 344, 361 (5th Cir. 2013); *Sutherland v. Ernst & Young LLP*,
25  726 F.3d 290, 297 n.8 (2d Cir. 2013); *Cellular Sales of Missouri, LLC v. NLRB*, 824
26  F.3d 772, 775 (8th Cir. 2016).

27

28

-3-

1    WHEREAS, based on the Parties' respective positions regarding the

2    enforceability of the arbitration agreement, the Parties agree that *Morris* will have

3    significant bearing upon their arguments as to whether individual arbitration of the

4    non-PAGA claims may be compelled.  Oral argument in *Morris* was held on

5    October 2, 2017, and the Supreme Court's decision is expected before the current

6    term ends in June 2018.

7

8    WHEREAS, following further meet and confer discussions, the Parties agree

9    that good cause therefore exists to stay this action, including Defendant's anticipated

10   motion to compel individual arbitration, pending the Supreme Court's ruling in

11   *Morris*, because the efficiencies to be gained by staying the case outweigh any

12   prejudice to either party and will promote judicial economy and save the resources

13   of the Court and the parties.  The Parties note that several California district courts

14   have stayed cases pending *Morris*.  *See, e.g., McElrath v. Uber Techs., Inc.*, No. 16-

15   CV-07241-JSC, 2017 LEXIS 48419, at *13-18 (N.D. Cal. Mar. 30, 2017); *Guerrero*

16   *v. Halliburton Energy Services, Inc.*, No. 1:16-cv-1300-LJO-JLT, 2017 LEXIS

17   114215, at *9-22 (E.D. Cal. July 21, 2017); *Rodriguez v. Jerome's Furniture*

18   *Warehouse*, No. 3:17-cv-00460-L-NLS, 2017 LEXIS 115358, at *10-12 (S.D. Cal.

19   July 24, 2017); *Conde v. Open Door Mktg., LLC*, No. 15-cv-04080-KAW, 2017

20   U.S. Dist. LEXIS 185508, at *28-29 (N.D. Cal. Nov. 8, 2017); *Da Silva v. Darden*

21   *Rests., Inc.*, No. 2:17-cv-05663-ODW, 2017 U.S. Dist. LEXIS 203437, at *1-2

22   (C.D. Cal. Dec. 11, 2017); *Hughes v. S.A.W. Entm't, LTD*, No. 16-cv-03371-LB,

23   2017 U.S. Dist. LEXIS 208611 (N.D. Cal. Dec. 18, 2017); *Prasad v. Pinnacle*

24   *Mgmt. Servs. Co., LLC*, No. 5:17-cv-02794-HRL, 2018 U.S. Dist. LEXIS 6232, at

25   *13-14 (N.D. Cal. Jan. 12, 2018).

26

27

28

WHEREAS, the Court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings in other courts. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Parties assert that their request to stay this matter satisfies the three factors identified in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), as follows:

1.     The stay will not harm any party. The Parties have stipulated to the stay. The Supreme Court granted certiorari in *Morris* in January 2017, and oral argument was held on October 2, 2017. The Supreme Court's ruling is expected soon, and certainly before the end of the term in June 2018. Thus, a stay in this instance will not be protracted and, the benefits of granting a stay and waiting for the Supreme Court's guidance on this critical issue, outweigh any brief delay.

2.     Failing to stay this case could result in a significant waste of time and resources. If *Morris* is reversed, the parties can proceed with the Supreme Court's guidance on this threshold issue without the need to re-litigate the question of whether Plaintiff's agreement is enforceable. Because this case will be impacted by the Supreme Court's decision in *Morris*, a stay will promote judicial economy and potentially save the parties from incurring substantial legal fees that may not be necessary. *See Small v. GE Capital, Inc.*, No. 15-cv-2479JGB, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016) (staying proceedings pending resolution in a different matter because it would be "more efficient to stay this action").

3.     The stay will simplify the issues in this case and promote the orderly course of justice. Defendant believes that individual arbitration is mandated by its agreement with Plaintiff, and that the express waiver of class and collective claims in arbitration is enforceable. Plaintiff disagrees, and argues that pursuant to the

-5-

1    Ninth Circuit's ruling in *Morris*, this position would violate the NLRA. *Morris*, 834
2    F. 3d at 983-84.  The Supreme Court's resolution of the Circuit split on this issue
3    will therefore have a large impact on the parties' arguments pertaining to the
4    enforceability of the arbitration agreement in this case.

5
6            WHEREAS, Defendant contends that CBRE Group, Inc. did not employ
7    Plaintiff or any of the putative class members and should therefore be dismissed
8    from this action.

9
10           WHEREAS, the Parties have met and conferred regarding the dismissal of
11   CBRE Group, Inc., and Plaintiff has agreed to do so subject to a tolling agreement,
12   should facts later emerge showing that CBRE Group, Inc. is a proper defendant.

13
14           WHEREAS, Plaintiff Romo requests leave to, and Defendant concurs with
15   such request, to file a Second Amended Class Action Complaint (a draft of which is
16   attached hereto as Exhibit A, pursuant to L.R. 15-1, and a copy with changes accepted
17   which is attached as Exhibit B, to be deemed filed as the operative complaint in this
18   action) deleting CBRE Group, Inc. as a Defendant and adding CBRE, Inc. as a
19   Defendant, substituting for a fictitiously named "DOE" Defendant pursuant to Section
20   5(c) of the Court's standing order.   Pursuant to Section 9(b), the page and line
21   numbers, as well as the wording of the proposed changes and additions, are as follows:
22       • Page 1, line 14 (caption): Change "FIRST" to "SECOND"
23
24       • Page 1, line 16 (caption): Remove "CBRE GROUP, INC." and replace with
25           "CBRE, INC."
26
27       • Page 1-Page 38, footer: Remove "FIRST" and replace with "SECOND"
28

-6-

- Page 2, line 10: Delete "GROUP"

- Page 4, line 15: Delete "GROUP"

- Page 5, line 9: Delete "GROUP"

- Page 38, lines 9 and 19: Change date to current date.

THEREFORE, the Parties HEREBY STIPULATE as follows:

1.     This action be stayed in its entirety until the Supreme Court issues its decision in *Morris*.

2.     Defendant CBRE Group, Inc. be dismissed without prejudice. However, if Plaintiff discovers any facts establishing that CBRE Group Inc. is a proper defendant in this action, Plaintiff shall have the right to rejoin CBRE Group Inc. in this litigation, and the allegations against it will relate back to the filing date of the original Complaint, and CBRE Group, Inc. will waive any statute of limitations or laches defense resulting from this dismissal.

3.     Defendant CBRE, Inc. be added as a Defendant, substituting in for a fictitiously named "DOE" Defendant.

4.     The Second Amended Complaint attached as Exhibit B hereto be deemed filed as the operative complaint in this action.

Dated:  April 13, 2018          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By  _____/s/ Limore Torbati_____
              DEREK R. HAVEL
              CASSIDY M. ENGLISH
              LIMORE TORBATI

              Attorneys for Defendant
              CBRE GROUP, INC.

Dated:  April 13, 2018          QUINTILONE & ASSOCIATES
                                THE CARTER LAW FIRM
                                THE PHELPS LAW GROUP


By  _____/s/ Marc H. Phelps_____
              MARC H. PHELPS

              Attorneys for Plaintiff
              RICARDO ROMO

-8-

SMRH:485855273.1                                    JOINT STIPULATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  April 13, 2018          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
            */s/ Limore Torbati*
            LIMORE TORBATI

            Attorneys for Defendant
            CBRE GROUP, INC.

-9-