RICHARD E. QUINTILONE II (SBN 200995)
GEORGE A. ALOUPAS (SBN 313112)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE:    (949) 458-9675
FACSIMILE:    (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; GAA@QUINTLAW.COM

Attorneys for Plaintiff, RICARDO ROMO in association with counsel below, on behalf of himself and on behalf of a Class of all other persons similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated<br><br>        Plaintiff,<br><br>    vs.<br><br>CBRE, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No: 8:18-cv-00237-JLS-KES<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY WAGES UNDER THE FLSA [29 USC §§ 206, 207];**<br>2. **FAILURE TO PAY OVERTIME COMPENSATION;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS;**<br>4. **FAILURE TO PROVIDE REST PERIODS;**<br>5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br>6. **FAILURE TO PAY WAGES FOR HOURS WORKED;**<br>7. **FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY**<br>8. **FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT**<br>9. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES; and**<br>10. **VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT**<br><br>**DEMAND FOR JURY TRIAL** |

All allegations in this Class Action Complaint are based upon information and belief except for those allegations, which pertain to the PLAINTIFF and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery. PLAINTIFF RICARDO ROMO ("Plaintiff"), on behalf of himself and all others similarly situated, complains of DEFENDANTS, and each of them, and for causes of action in this Class Action Complaint alleges:

## 1.   INTRODUCTION

1.      This is a class action, pursuant to California Code of Civil Procedure § 382, and an FLSA collective action under 29 U.S.C. §§ 206 and 207, on behalf of Plaintiff and all non-exempt employees employed by, or formerly employed by, CBRE, INC., a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), within the State of California. These non-exempt employees who are employed by, or who were formerly employed by, Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.      For at least four years prior to the filing of this action and through to the present ("relevant time period" or "liability period"), Defendants consistently maintained and enforced against Defendants' non-exempt employees the below addressed unlawful practices and policies, in violation of California state wage and hour laws, including:

(a)      During the relevant time period, Defendants had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and of not paying them all overtime compensation pursuant to applicable California Labor Code requirements and under the FLSA;

(b)      During the relevant time period, Defendants had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period, including without a second meal period on shifts over ten (10) hours, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation

for each workday that the meal period is not provided, as required by California state wage and hour laws.

(c)     During the relevant time period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

(d)     With respect to Class Members who either were discharged, laid off, or resigned, during the relevant time period, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203; and

(e)     During the relevant time period, Defendants failed to maintain accurate records of Class Members' earned wages and work periods as evidenced by Defendants' failure to keep adequate records of when meal periods were taken.

3.     Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 218, 218.6, 226, 226.7, 510, 511, 512, 558, 1174, 1194, 1197, 1197.1, 1199, 2698, 2699 and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of himself and all Classes, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## 2.     PARTIES

### A.     Plaintiff

5.     Plaintiff RICARDO ROMO, at the relevant times, was and is a resident of California. Plaintiff was employed in Costa Mesa, California by Defendants at one of their production, manufacturing, and distribution facilities in Orange County as a non-exempt maintenance and

janitorial employee, and consistently worked more than eight (8) hours a day at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class Members were employed by Defendants and worked at Defendants' locations, offices and facilities throughout Orange County and California. Plaintiff was actively employed by Defendants from **May of 2015** through being placed on leave on **September 26, 2016**, and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

6.    Defendants failed to record accurate time worked by these employees, and provided Plaintiff and the Class Members with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take uninterrupted and duty-free rest periods and meal breaks as required by the <u>Labor Code</u>.

**B.    <u>Defendants</u>**

7.    CBRE, INC., a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), do business within the State of California.  Defendant CBRE, INC. does business throughout the United States and claims to be the world's largest real estate services provider, with a preeminent leadership position in virtually all key business centers globally.  It is registered to do business in California and lists a principal office in Los Angeles, but Plaintiff was employed based out of manufacturing, production, and distribution facilities in Orange County.  Defendants provide services and products and employ non-exempt hourly employees throughout the State of California in connection with property management and construction operations, including non-exempt employees, and do so through their offices in Orange County and throughout California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under California <u>Code of Civil Procedure</u> § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

-4-

Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.  Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Classes.

10.  Venue as to each Defendant is proper in this judicial district, pursuant to California Code of Civil Procedure § 395. On information and belief, Defendants CBRE, INC. and DOES 1-100 operate and are doing business in Orange County, and each Defendant is within the jurisdiction of this Court. The unlawful acts alleged herein have had a direct effect on Plaintiff and those similarly situated within the State of California and Orange County. Defendants employ numerous Class Members in Orange County and throughout the State of California.

## 3.   FACTUAL BACKGROUND

11.  Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders. Defendants hire facility maintenance, production and operations related employees, and other non-exempt employees, who work in non-exempt positions at the direction of Defendants in the State of California.

12.  During the course of Plaintiff and the Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all overtime hours worked, and were forced to work off-the-clock, and some were required to otherwise remain on-call during times when they were not being paid by Defendants. Plaintiff and the Class Members were sometimes asked to work shifts over eight (8) hours and to work over forty (40) hours in a work week, and it was company policy to limit and discourage overtime and require approval for it without accordingly adjusting work requirements, which led to systematic off the clock work by the Class.  Although Plaintiff and the Class Members were paid bi-weekly by Defendants, their pay records did not accurately reflect all regular and overtime hours that

Plaintiff and the Class Members worked, including because they were required by Defendants to perform required work duties and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class Members worked substantial regular and overtime hours during their employment with Defendants for which they were not compensated, in violation of the California <u>Labor Code</u> and the Fair Labor Standards Act, including 29 USC §§ 206, 207.

13. As a matter of uniform Company policy, Plaintiff and the Class Members were required to work off the clock, including by requiring some employees to remain "on-call" to respond to work demands on scheduled days off or when they were otherwise not on the clock, and Class Members were required to work both during required breaks and before and after their work shifts when they were off the clock, for which they were not fully compensated by Defendants in violation of the California <u>Labor Code</u> and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. Plaintiff and the Class Members were also not paid regular wages and overtime for the time they were required to comply with other requirements imposed upon them, which they had to complete while off-duty and without compensation.

14. As a result of these requirements to work off the clock, the daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class Members were not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class Members were required to work more than eight hours on most work days and worked more than 40 hours in each of their work weeks, thus consistently incurring overtime hours worked, but Plaintiff estimates they were not paid by Defendants for at least 2-3 hours of overtime per week.

15. However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

SECOND AMENDED CLASS ACTION COMPLAINT

16. Plaintiff and the Class Members were forced to meet the needs of Defendants' customers and their managers, and could not be relieved to take breaks, or were required to remain on-duty at all times and were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required breaks due to Defendants' policies and practices and the work demands placed upon the Class Members. Defendants also implemented terse and facially non-compliant break policies by not accurately articulating all relevant requirements, including as to rest periods, and by failing to address second meal periods on shifts over ten hours. On the occasions when Plaintiff and the Class Members were provided with a meal period, it was often untimely or interrupted, as they were required to respond to work demands, and they were not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

> (a) Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);
>
> (b) Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;
>
> (c) Class Members were required to work through at least part of their daily meal period(s);
>
> (d) Meal period were provided after five hours of continuous work during a shift; and
>
> (e) Class Members were restricted in their ability to take a full thirty-minute meal period.

17. Plaintiff and the Defendants' non-exempt employees were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work through or during breaks, and were not provided with one (1) hour's wages in lieu thereof. Rest period violations therefore arose in one or more of the following manners:

-7-

(a)    Class Members were required to work without being provided a minimum ten minute rest period for every three and a half (3.5) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)    Class Members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c)    Class Members were restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.

18.    As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members he seeks to represent:

(a)    failing to pay all wages owed to Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

(b)    failing to pay all wages owed to the Class Members twice monthly in accordance with the requirements of Labor Code § 204;

(c)    failing to pay Class Members all wages owed, including all meal and rest period premium wages; and

(d)    failing to maintain accurate records of Class Members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders.

19.    Defendants have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, and were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to

accurately record and pay for all overtime hours worked and submitted by Plaintiff and the Class Members. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class Members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b).

20.    Defendants have failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

21.    On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

22.    **The Fair Labor Standards Act**: The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

4.    **CLASS ALLEGATIONS**

23.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent a Class composed of and defined as:

All persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt employees.

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a) **Subclass 1.1. Overtime Subclass.** All Class Members who worked more than eight (8) hours in a day and/or forty (40) hours in any given week and who were not paid overtime compensation pursuant to the <u>Labor Code</u> and applicable IWC Wage Order requirements.

(b) **Subclass 1.2. On-Call Subclass.** All Class Members who were not compensated for overtime hours they worked when they were required to be on-call and available to respond to work demands placed upon them by Defendants.

(c) **Subclass 2. Meal Break Subclass.** All Class Members who have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> §§ 226.7 and 512.

(d) **Subclass 3. Rest Period Subclass.** All Class Members who have not been provided a rest period for every three and a half (3.5) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> §§ 226.7 and 512.

(e) **Subclass 4. Paystub Subclass.** All Class Members who were not provided an itemized wage statement accurately showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226.

(f)  **Subclass 5.  Wage Payment Subclass.**  All Class Members who were not provided all straight time wages earned pursuant to the <u>Labor Code</u> and applicable IWC Wage Orders.

(g)  **Subclass 6.  Twice Monthly Pay Subclass.**  All Class Members who were not paid twice monthly in accordance with <u>Labor Code</u> § 204.

(h)  **Subclass 7.  Termination Pay Subclass.**  All Class Members who were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> §§ 200 through 203.

(i)  **Subclass 8.  B&P Code § 17200 Subclass.**  All Class Members who were subjected to Defendants' unlawful, unfair or fraudulent business acts or practices in the form of <u>Labor Code</u> violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

24.  Plaintiff reserves the right under <u>Rule</u> 1855(b) of the California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

25.  This action has been brought and may properly be maintained as a class action under the provisions of the California <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.  <u>Numerosity</u>**

26.  The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Plaintiff estimates there are at least several hundred Class Members, and possibly several thousand, which is sufficient to satisfy the numerosity requirement. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, sufficiently numerous employees in positions as Defendants' non-exempt employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

27.  Employee turnover during the relevant time period will increase this number substantially.  Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Classes is not practicable.

-11-

**B.** <u>Commonality</u>

28.    There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members with common answers. These common questions of law and fact include, without limitation:

(a)    Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, section 4 of the IWC Wage Orders, and Cal. <u>Code Regs.</u>, Title 8, section 11000 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(b)    Whether Defendants violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. <u>Code Regs.</u>, Title 8, section 11000 *et seq.* by failing to authorize and permit all daily ten (10) minute rest periods to non-exempt employees for every three and a half (3.5) hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

(c)    Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(d)    Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(e)    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.* by failing to provide meal and rest periods without compensating non-exempt employees one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records;

SECOND AMENDED CLASS ACTION COMPLAINT

(f)     Whether Defendants violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 204, 226.7, 512, 1174, and applicable IWC Wage Orders, which constitutes a violation of fundamental public policy;

(g)     Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq,;* and

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.     <u>Typicality</u>**

29.     The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.     <u>Adequacy of Representation</u>**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.   Plaintiff's counsel are competent and highly experienced in litigating large employment class actions.

**E.     <u>Superiority of Class Action</u>**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

32.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

33.     Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members of each Plaintiff Classes that would set forth the subject and nature of the instant action.

SECOND AMENDED CLASS ACTION COMPLAINT

The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

**5.     DELAYED DISCOVERY**

34.     Defendants, as a prospective and actual employer of non-exempt, hourly employees, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, upon information and belief, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants' timekeeping records and the consequence of the alleged arbitration agreements on the employees and class as a whole.

35.     Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**[FLSA 29 USC §§ 203, 206, 207]**

**(Against All Defendants)**

36.     Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

37.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

38.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required

-14-

the Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than—
(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day;…

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants required Plaintiff and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

40.     In the performance of their duties for Defendants, members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

41.     The precise amount of unpaid wages and unpaid overtime hours will be proven at trial.

42.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

43.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by

filing written consents to joinder with the Court.

44. Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

45. Plaintiff seeks judgment against Defendants on him own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## SECOND CAUSE OF ACTION

## <u>FAILURE TO PAY OVERTIME COMPENSATION</u>

### [CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]

### (Against All Defendants)

46. Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

47. This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class and the subclasses thereof.

48. In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014).

49. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

50. Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond

their regular wages in amounts specified by law. More specifically, <u>Labor Code</u> § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week.

51.    California <u>Labor Code</u> § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

52.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

53.    Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

54.    At all times relevant hereto, Plaintiff and the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants.  During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices.  In addition to the other overtime payments Defendants failed to make for all off the clock work, Defendants have scheduled Plaintiff and the Class Members to occasionally work shifts for seven consecutive days in a row.

However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

55.    Therefore, Plaintiff and the Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections.

56.    On information and belief, Plaintiff and the Class Members allege that Defendants followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off the clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

57.    As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Defendants intentionally failed to provide Plaintiff and the Class Members with all earned wages earned by and owed to them during the corresponding pay periods. Defendants willfully violated the provisions of Labor Code § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay Plaintiff and the Class the overtime pay that Plaintiff and the Class Members were due.

58.    Defendants' failure to pay Plaintiff and the Class Members all wages owed to them also violated California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), to the extent their managers specifically instructed them that they were not entitled to receive overtime under the California Labor Code and related provisions for off the clock work they were required to perform.

59.    Plaintiff and the Class Members are informed and believe, and based upon that information and belief therefore further allege, that Defendants knew or should have known that Plaintiff and the Class did not qualify as exempt employees, and Defendants purposely elected not to pay Plaintiff and the Class Members for their overtime labor performed.

60.     By virtue of the Defendants' unlawful failure to provide overtime pay to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

61.     Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide overtime pay.

62.     As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Plaintiff and the Class Members were deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, for Defendants' violations of <u>Labor Code</u> § 510 and applicable IWC Wage Order provisions.

63.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Class Members, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Class Members injury.

64.     Plaintiff, individually, and on behalf of members of the Class and Plaintiff Classes, requests recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and costs pursuant to <u>Labor Code</u> § 1194(a), as well as the assessment of any statutory penalties against these Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

65.     Further, Plaintiff and the Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 210 and 1194.

///
///
///
///
///

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

[CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11 of

Applicable IWC Wage Orders]

(Against All Defendants)

66. Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

67. This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class Members and the subclasses thereof.

68. Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes.

69. Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70. Defendants failed to provide Plaintiff and the Class Members with meal periods as required by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks. Defendants' facially non-compliant break policies also failed to even address second meal periods on shifts over ten hours, and in practice they were not lawfully provided.

71. Defendants, and each of them, have intentionally and improperly denied meal periods to Plaintiff and the Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders, along with other applicable regulations and statutes.

72. At all times relevant hereto, Plaintiff and the Class Members have worked more than five (5) hours in a workday.

73. At all times relevant hereto, Defendants failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders.

74. By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

75. Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

76. Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Class Members to suffer injury.

77. Plaintiff, individually, and on behalf of the Class, requests recovery of meal period compensation pursuant to Labor Code §§ 226.7 and paragraph 11 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### [CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11

### of Applicable IWC Wage Orders]

### (Against All Defendants)

78. Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

79. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

80. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation

for each workday that the rest period is not provided.

81. Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Class Members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders. Defendants failed to authorize and permit Plaintiff and the Class Members to take rest periods, as required by the <u>Labor Code</u>.

82. At all times relevant hereto, Plaintiff and the Class Members, have worked more than three and a half hours in a workday. Defendants facially non-compliant rest break policy does not accurately articulate all relevant requirements, and in practice all rest periods were not authorized and permitted as addressed herein.

83. At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders.

84. By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and the Class Members, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and the Class Members but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

85. Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and the Class Members were entitled to rest periods and purposely elected not to provide them with rest periods.

86. Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Plaintiff Classes, with the intent of depriving Plaintiff and the Class of property and legal rights and otherwise causing the Plaintiff and the Class Members injury.

87. Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

## FIFTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS

### [CALIFORNIA LABOR CODE § 226]

### (Against All Defendants)

88.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

89.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

90.     As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed and led them to believe they were not entitled to be paid wages all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies.  The entitlement of Plaintiff and the Class Members is to receive wage statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class Members have thereby been injured by the Defendants' failure to report the total amount of wages earned

-23-

during each pay period on each paycheck stub. All Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury because their legal right to receive accurate wage statements was violated.

91. Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and the Class Members "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226. Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with such timely and accurate wage and hour statements.

92. Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means

a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

93.     Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law.

94.     Plaintiff and the Class Members are entitled to the amounts provided in Labor Code § 226(e) and the failure to provide accurate itemized wage statements constitutes a violation of PAGA and entitles Plaintiff and the Class Members to statutory and civil penalties provided in Labor Code §§ 226.3, 558 and 2699 et seq. plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR HOURS WORKED

### [CALIFORNIA LABOR CODE §§ 1194, 1197, 1197.1 and 558]

### (Against All Defendants)

95.     Plaintiff and the Members of the Class re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

96.     Plaintiff brings these claims under California Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Orders 4-2001, as amended.

97.     California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 4-2001 entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

98.     Defendants did not and does not compensate Plaintiff and other hourly employees for time spent off the clock, including by requiring employees to remain on-duty and to work off the clock on days off or during lunch or after hours responding to calls, texts, emails and other work related inquiries or to respond on work calls.  This work was known or should have been known by Defendants as management are and were requesting the off the clock work and receiving the work related communications.

99.     As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 4-2001, for failure to pay minimum wage, Defendants

liable for attorneys' fees and costs, civil penalties pursuant to California <u>Labor Code</u> §§ 558, 1197.1, and 2698 et seq. and other relief.

100.    California <u>Labor Code</u> § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

101.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

102.    Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid payment of overtime wages and other benefits in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement.   Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

103.    Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring off the clock work, requiring work to be performed while on breaks, and by not properly paying employees all overtime hours they worked and reported, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members. This resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

104.    During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours

SECOND AMENDED CLASS ACTION COMPLAINT

in a week as a result of Defendants' above described policies and practices. Therefore, Plaintiff and the Class Members were not properly paid for all of their overtime work. Defendants also followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

105.    During the relevant time period, Defendants willfully failed to pay all regular and overtime wages owed to Plaintiff and the Class Members.

106.    Defendants' failure to pay Plaintiff and the Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

107.    Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

108.    Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in Labor Code § 558.

109.    Upon information and belief, Plaintiff alleges that Defendants' policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders. Pursuant to Labor Code § 1194, Plaintiff and the Class Members are entitled to recover

SECOND AMENDED CLASS ACTION COMPLAINT

their unpaid wages owed, including their regular wages and overtime compensation, as well as interest, costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT LEAST TWICE IN A CALENDAR MONTH**

**[CALIFORNIA LABOR CODE § 204]**

**(Against All Defendants)**

110.     Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint

111.     Labor Code § 204 instructs all wages are due and payable twice each calendar month.

112.     The wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

113.     Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

114.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5 and 1194.

**EIGHTH CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT**

**[CALIFORNIA LABOR CODE §§ 201-203]**

**(Against All Defendants)**

115.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

116.     Plaintiff and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

117.     However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime

-28-

compensation or premium pay referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

118.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee.  Because none of the employees were ever paid all earned overtime wages to which they were entitled, and as referred to in this Complaint, each of these employees is entitled to thirty (30) days of wages.

**NINTH CAUSE OF ACTION**

**<u>FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES</u>**

**[CALIFORNIA <u>BUSINESS & PROFESSIONS CODE</u> §§ 17200, *et seq*.]**

**(Against All Defendants)**

119.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

120.    This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class and the subclasses thereof.

121.    At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed, underpaid, and/or modified to not reflect their actual number of hours worked per day and per pay period, including by Defendants' failure to pay for all overtime hours worked at the appropriate rate of pay, including by requiring off the clock work before and after work shifts and requiring Plaintiff and the Class to remain on-call during unscheduled work hours.

122.    At all times relevant hereto, from time to time, Plaintiff and aggrieved employees have worked more than eight (8) hours in a a workday workday and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have not been paid overtime, or have not been paid overtime at the appropriate rates, for all hours worked on and after a seventh consecutive work shift.

SECOND AMENDED CLASS ACTION COMPLAINT

123. At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied meal breaks by Defendants.

124. At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied rest breaks by Defendants.

125. Defendants, and each of them, are "persons" as defined under of <u>Business & Professions Code</u> § 17021.

126. Since at least four years prior to the present Complaint filing and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California <u>Business & Professions Code</u> §§ 17200, *et seq.*, and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

127. Defendants own, operate and manage facilities in California which provide services in California to the public as defined in of <u>Business & Professions Code</u> §§ 17022 and 17024.

128. Defendants, as set forth in this Complaint, *supra*, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

    (a) The fact that Defendants adjusted, altered, underpaid and/or changed time and/or pay schedules to reflect that employee Class Members had not worked all straight time and overtime hours;

    (b) The fact that Defendants required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

    (c) The fact that Defendants required non-exempt, hourly employees to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

    (d) The fact that Defendants required non-exempt, hourly employees to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

    (e) The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and

Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(f)     The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class for all hours worked.

(g)     The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked.

(h)     The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class upon termination of employment.

(i)     The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200.

129.    Defendants, and each of them, have underreported to state authorities, wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums.  The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

130.    Pursuant to of Business & Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

131.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.  Non-exempt, hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

132.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other facilities in the state of California by not paying overtime and wages in violation of Business & Professions Code Chapters 4 and 5, *et al*.  Due to this unfair

SECOND AMENDED CLASS ACTION COMPLAINT

business practice, Defendants have been able to charge lower prices for its services than the prices charged by other comparable entities doing business in the state of California.

133. The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

134. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

135. By and through the conduct described above, Plaintiff, and all non-exempt, hourly employees, has been deprived of the right to be paid all wages earned, including meal and rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 226.7, 1197, 1198, *et seq.*

136. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their detriment.

137. Plaintiff and the Class have injury-in-fact as a result of Defendants' conduct. Moreover, Plaintiff and the Class have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

138. All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

139. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have

SECOND AMENDED CLASS ACTION COMPLAINT

acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff, and the members of the Plaintiff Classes, are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

140. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

141. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

142. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages to non-exempt, hourly employees. In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

143. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

144. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

145. As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the

restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

## TENTH CAUSE OF ACTION

### FOR VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT

[CALIFORNIA LABOR CODE §§ 2698 and 2699]

**(Against All Defendants)**

146. Plaintiff, on behalf of himself and all other similarly aggrieved employees, re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

147. As a result of the previously alleged policies and practices, including violations of the sections of the California Labor Code alleged above, Plaintiff seeks penalties under Labor Code §§ 2698 and 2699.

148. Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendants for violations of Labor Code §§ 226.7 and 512. Plaintiff sent a letter to the LWDA and the Defendants as prescribed by the Code. Therefore, Plaintiff may proceed and may include in the Complaint a claim for penalties pursuant to Labor Code §§ 2699, et seq.

149. Plaintiff, for himself and on behalf of all other similarly situated current and former employees of Defendants, seeks civil penalties in the amount of:

    (a)     one hundred dollars ($100.00) for each of the first violation per employee, per pay period, and;

    (b)     two hundred dollars ($200.00) for each subsequent violation of each such provision, per employee, per pay period.

    (c)     For their failure to provide uninterrupted off-duty meal and rest periods, Defendants are liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal periods were not provided. Defendants are also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiffs were not

SECOND AMENDED CLASS ACTION COMPLAINT

provided proper meal and rest breaks; and for each subsequent violation $100.00 for each Plaintiff for each pay period during which the Plaintiffs were not provided proper meal and rest breaks.

(d)     For Defendants' failure to pay wages due, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs. Defendants are also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all earned wages; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all wages.

(e)     For Defendants' failure to furnish accurate wage statements, Plaintiffs are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00. Defendants are additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

(f)     For Defendants' failure to keep accurate payroll records, Defendants are liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

150.     These penalties will be allocated 75% to the Labor Workforce Development Agency ("LWDA") and 25% to the affected employees.

## PRAYER

**WHEREFORE**, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

(a)     For Facilitated Notice under 29 USC § 216(b);

(b)     For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*

(c)     Conditional and Final Certification of a Collective Action;

(d)     For interest on any compensatory damages; and

SECOND AMENDED CLASS ACTION COMPLAINT

(e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

(a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For attorneys' fees and costs as allowed by law.

**ON THE THIRD CAUSE OF ACTION:**

(a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)    For attorneys' fees and costs.

**ON THE FOURTH CAUSE OF ACTION:**

(a)    For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

(b)    For interest on any compensatory damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For attorneys' fees and costs.

**ON THE FIFTH CAUSE OF ACTION:**

(a)    For statutory penalties;

(b)    For compensatory damages and interest thereon for actual harm caused;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For attorneys' fees and costs as allowed by law.

**ON THE SIXTH CAUSE OF ACTION:**

    (a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs as allowed by law.

**ON THE SEVENTH CAUSE OF ACTION:**

    (a)    For statutory penalties; and

    (b)    For attorneys' fees and costs as allowed by law.

**ON THE EIGHTH CAUSE OF ACTION:**

    (a)    For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

    (b)    For penalty enhancements for willful conduct;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs.

**ON THE NINTH CAUSE OF ACTION:**

    (a)    For the equitable, injunctive and declaratory relief;

    (b)    Treble damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For disgorgement of profits.

**ON THE TENTH CAUSE OF ACTION:**

    (a)    That Defendants be ordered to pay civil penalties pursuant to violations of Labor Code §§ 2698 and 2699, in the amount of $100 for the first violation per employee per pay period, and $200 for subsequent violations per employee per pay period to be allocated 75% to the LWDA and 25% to the affected employees.

(b)     For reasonable attorney's fees and costs as allowed by statute.

**ON ALL CAUSES OF ACTION:**

(a)     For reasonable attorneys' fees;

(b)     For costs of suit;

(c)     For Certification of the Classes and Subclasses, and Collective, defined herein, or such other Classes and/or subclasses or collectives the Court will certify; and

(d)     For such other and further relief as this Court may deem just and proper.

Dated: April 13, 2018                   **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
GEORGE A. ALOUPAS
Attorneys for Plaintiff RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated: April 13, 2018                   **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
GEORGE A. ALOUPAS
Attorneys for Plaintiff RICARDO ROMO,
on behalf of himself and on behalf of a Class of all other persons similarly situated

-38-

SECOND AMENDED CLASS ACTION COMPLAINT

In association with:
ROGER R. CARTER (SBN 140196)
BIANCA A. SOFONIO (SBN 179520)
**THE CARTER LAW FIRM**
23 CORPORATE PLAZA, SUITE 150
NEWPORT BEACH, CA 92660
TELEPHONE:   (949) 629-2565
E-MAIL: RCARTER@CARTERLAWFIRM.NET; BIANCA@CARTERLAWFIRM.NET

MARC H. PHELPS (SBN 237036)
THE PHELPS LAW GROUP
23 CORPORATE PLAZA., SUITE 150
NEWPORT BEACH, CA 92660
TELEPHONE:  (949) 629-2533
FACSIMILE:  (949) 629-2501
EMAIL: MARC@PHELPSLAWGROUP.COM

Attorneys for Plaintiff RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated

SECOND AMENDED CLASS ACTION COMPLAINT