RICHARD E. QUINTILONE II (SBN 200995)
GEORGE A. ALOUPAS (SBN 313112)
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
Tel.: (949) 458-9675
Fax: (949) 458-9679
req@quintlaw.com; gaa@quintlaw.com

MARC H. PHELPS (SBN 237036)
**THE PHELPS LAW GROUP**
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel.: (949) 260-4737
Fax: (949) 629-2501
marc@phelpslawgroup.com

Attorneys for Plaintiff, RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal Bar No. 193464
CASSIDY M. ENGLISH, Cal. Bar No. 268103
LIMORE TORBATI, Cal. Bar No. 301932
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email:      dhavel@sheppardmullin.com
            cenglish@sheppardmullin.com
            ltorbati@sheppardmullin.com
Attorneys for Defendant CBRE GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CBRE GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No: 8:18-cv-00237-JLS-KES<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's **April 17, 2018** Order, Plaintiff Ricardo Romo ("Plaintiff") and Defendant CBRE, Inc. ("Defendant"), through their respective counsel, submit the following Joint Status Report discussing how the Parties wish to proceed following the Supreme Court's **May 21, 2018** opinion in *Morris v. Ernst & Young, LLP*, 834 F. 3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (Jan. 13, 2017) (No. 16-300) ("*Morris*").

## I. PLAINTIFF'S POSITION

Plaintiff originally offered to dismiss the Class and collective claims without prejudice, and subject to Court approval, then move to remand the PAGA Action back to state Court and pursue that claim only. Plaintiff's offer to dismiss the class claims was contingent on Defendant not moving to compel the PAGA claim to arbitration. Defendant does not agree to forgo seeking arbitration of the applicable portion of the PAGA claim citing to *Esparza v. KS Industries, L.P.,* 13 Cal. App. 5th 1228 (2017). However, *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1112 (2012), [review denied June 13, 2012] has been the law of the land in state court in the Fourth Appellate District where this case is venued and was not taken up on review by the California Supreme Court.

*Esparza* hails from the California Fifth District Court of Appeals and conflicts with the California Fourth District Court of Appeal decision, *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1112 (2012), which was upheld by *Lawson v. ZB, N.A*, 18 Cal.App.5th 705 (2017) which is now on appeal to the California Supreme Court. The question posed to the Supreme Court is "Does a representative action under the Private Attorneys General Act of 2004 (Labor Code § 2698 et seq.) seeking recovery of individualized lost wages as civil penalties under Labor Code section 558 fall within the preemptive scope of the Federal Arbitration Act (9 U.S.C. § 1 et seq.)?

As a brief background, in *Lawson v. ZB, N.A*., 18 Cal. App. 5th 705 (2017), Plaintiff asserted various wage and hour claims and a PAGA claim against

Defendant employer seeking penalties and underpaid wages pursuant to Cal. Labor Code § 558. Defendant moved to compel arbitration of Plaintiff's individual claims and her Cal. Labor Code § 558 claim for underpaid wages pursuant to an arbitration agreement whereby Plaintiff waived her right to bring a class or representative action. The trial court granted Defendant's motion pursuant to *Esparza v. KS Industries, L.P.*, 13 Cal. App. 5th 1228 (2017). Plaintiff filed a petition for writ of mandate challenging the trial court's order.

The California Court of Appeal, "respectfully part[ing] company with" (i.e., rejecting) *Esparza*, granted Plaintiff's petition and ordered the trial court to vacate its order. *Lawson*, 108 Cal. App. 5th at 722, 725 ("the trial court's order bifurcating [Plaintiff's] PAGA claims between the denominated assessments and underpaid wages was erroneous."). The Court of Appeal reasoned that "because, prior to enactment of PAGA there was no private remedy under section 558," the underpaid wages claim was only recoverable pursuant to PAGA, "indivisible" from "section 558 [] claims for civil penalties" and therefore, not arbitrable Id. at 724-725.

Accordingly, while Plaintiff is willing to dismiss his class and collective claims without prejudice, he will not do so without an agreement from Defendant to allow the continued prosecution of the case, including the claims under Labor Code § 558. If Defendant move to compel, Plaintiff will oppose in full any such motion that Defendant makes and will not be dismissing any claims at this time.

## II. **DEFENDANT'S POSITION**

Plaintiff's claims are subject to a valid and enforceable arbitration agreement between the parties, which contains an express class action waiver. As set forth in the Parties' April 13, 2018 Joint Stipulation to Stay All Proceedings Pending *Morris*, the Parties agreed that *Morris* would have significant bearing upon their arguments as to whether individual arbitration may be compelled. *Morris* has confirmed that Plaintiff's arbitration agreement, including the express class action waiver, is valid and enforceable. Further, Plaintiff's tenth cause of action under the

1  Private Attorneys General Act seeking "victim-specific relief" in the form of
2  allegedly unpaid wages under Labor Code section 558 is also subject to arbitration.
3  *See Esparza v. KS Indus., L.P.*, 13 Cal.App.5th 1228 (2017). As Plaintiff notes,
4  *Lawson v. ZB, N.A.*, 18 Cal.App.5th 705 (2017), held differently than *Esparza*.
5  However, the Supreme Court granted review in *Lawson* on March 18, 2018, and
6  thus the *Lawson* decision no longer has any binding or precedential effect. Cal.
7  Rule of Court 8.1115(e)(1). The Supreme Court declined to grant review in
8  *Esparza*, which remains binding precedent on this topic. *See Esparza v. KS
9  Industries, L.P.*, 2017 Cal. LEXIS 8777 (Cal., Nov. 15, 2017). Additionally, the
10 Ninth Circuit Court of Appeals recently addressed the conflict between *Esparza* and
11 *Lawson* and followed *Esparza*. *See Mandviwala v. Five Star Quality Care, Inc.*,
12 2018 U.S. App. LEXIS 2770, at *3-5 (9th Cir. Feb. 2, 2018).

13 Plaintiff proposed that he dismiss his class and collective action claims and
14 proceed on his PAGA representative claim only; however, this offer was contingent
15 on Defendant not seeking to compel individual arbitration of Plaintiff's claim for
16 "victim-specific relief" under PAGA. Defendant does not agree to forgo individual
17 arbitration of that aspect of Plaintiff's PAGA claim. Accordingly, Defendant
18 requests that the stay be lifted to permit Defendant to file a motion to compel
19 individual arbitration of Plaintiff's claims, including the claim for "victim-specific
20 relief" under PAGA, and stay all proceedings, including the remaining non-
21 arbitrable portion of the PAGA claim, pending completion of the arbitration.

Dated: June 4, 2018

                            QUINTILONE & ASSOCIATES
                            THE PHELPS LAW GROUP

                          By      /s/ Richard E. Quintilone
                                   RICHARD E. QUINTILONE
                                    MARC H. PHELPS
                                    Attorneys for Plaintiff
                                    RICARDO ROMO

Plaintiffs in Association with:
ROGER R. CARTER (SBN 140196)
**THE CARTER LAW FIRM**
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel.: (949) 260-4737
Fax: (949) 629-2501
roger@carterlawfirm.net

Dated: June 4, 2018

                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                          By      /s/ Cassidy M. English
                                   DEREK R. HAVEL
                                   CASSIDY M. ENGLISH
                                   LIMORE TORBATI
                                   Attorneys for Defendant
                                   CBRE, INC.

# **ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 4 , 2018          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                    By      /s/ Cassidy M. English
                            CASSIDY M. ENGLISH

                         Attorneys for Defendant
                              CBRE, INC.