SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal Bar No. 193464
CASSIDY M. ENGLISH, Cal. Bar No. 268103
LIMORE TORBATI, Cal. Bar No. 301932
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant CBRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBRE GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 8:18-cv-00237-JLS-KES<br><br>**REPLY IN SUPPORT OF DEFENDANT CBRE, INC.'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date: August 10, 2018<br>Time: 2:30 p.m.<br>Courtroom: 10A<br><br>Complaint Filed: September 22, 2017<br>FAC Filed: December 4, 2017<br>SAC Filed: April 29, 2018<br>Trial Date: None |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT AND AUTHORITIES ..................................................................2

    A. There Is Sufficient Evidence Of A Valid Agreement To Arbitrate ........2

    B. The Agreement Is Not Unconscionable ..................................................4

        1. Minimal Procedural Unconscionability, If Any, Exists ...............4

        2. There Is No Evidence Of Substantive Unconscionability ............6

    C. The Relevant Authority Weighs In Favor Of Striking Plaintiff's Representative PAGA Claim For "Victim-Specific" Relief ..................7

III. CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ambler v. BT Ams., Inc.*
  964 F. Supp. 2d 1169 (N.D. Cal. 2013).............................................................2

*Armendariz v. Foundation Health Psychcare Servs., Inc.*
  24 Cal. 4th 83 (2000) ......................................................................................6, 7

*AT&T Mobility, LLC v. Concepcion*
  131 S.Ct. 1740 (2011) .....................................................................................5, 6

*Baltazar v. Forever 21, Inc.*
  62 Cal.4th 1237 (2016) ...................................................................................5, 6

*Cabrera v. CBS Rx Servs.*
  2018 U.S. Dist. LEXIS 43681 (N.D. Cal. March 16, 2018)..............................9

*Condee v. Longwood Management Corp.*
  88 Cal.App.4th 215 (2001)..............................................................................2, 3

*Crippen v. Central Valley RV Outlet, Inc.*
  124 Cal.App.4th 1159 (2004).............................................................................5

*Esparza v. KS Indus., L.P.*
  13 Cal.App.5th 1228 (2017)................................................................ 1, 2, 8, 9

*Espejo v. Southern California Permanente Medical Group*
  246 Cal.App.4th 1047 (2016)...................................................................2, 3, 4

*Fittante v. Palm Springs Motors, Inc.*
  105 Cal.App.4th 708 (2003)...............................................................................4

*Fitz v. NCR Corp.*
  118 Cal.App.4th 702 (2004)...............................................................................6

*Gonzalez v. CEVA Logistics U.S., Inc.*
  2016 U.S. Dist. LEXIS 150766 (N.D. Cal. 2016)..............................................4

*Guiliano v. Inland Empire Personnel, Inc.*
  149 Cal.App.4th 1276 (2007).............................................................................4

*Lagatree v. Luce, Forward, Hamilton & Scripps*
  74 Cal.App.4th 1105 (1999).................................................................................5

*Lawson v. SB, N.A.*
  18 Cal.App.5th 705 (2017)................................................................................8, 9

*Madden v. Kaiser Found. Hosp.*
  17 Cal.3d 699 (1976) .........................................................................................6

*Mandviwala v. Five Star Quality Care, Inc.*
  2018 U.S. App. LEXIS 2770 (9th Cir. Feb. 2, 2018)............................................9

*Mercuro v. Superior Court*
  96 Cal.App.4th 167 (2002).................................................................................7

*Owens v. Intertec Design, Inc.*
  38 Cal.App.4th 72 (1995) ..................................................................................5

*Perry v. Thomas*
  482 U.S. 483 (1997)............................................................................................7

*Serpa v. California Surety Investigations, Inc.*
  215 Cal.App.4th 695 (2013)...............................................................................5

*Taft v. Henley Enters.*
  2016 U.S. Dist. LEXIS 193641 (C.D. Cal. 2016)................................................2

*Trivedi v. Curexo Technology Corporation*
  189 Cal.App.4th 387 (2010)...............................................................................6

*Williams v. Superior Court*
  237 Cal.App.4th 642 (2015)...........................................................................8, 9

*Zullo v. Superior Court*
  197 Cal.App.4th 477 (2011)...............................................................................6

Statutes

Cal. Code Civ. Proc. § 1283.05(a)............................................................................7

California Arbitration Act ....................................................................................1, 7

California Arbitration Act ....................................................................................1, 7

California Labor Code § 558 ....................................................................................8

Code of Civil Procedure § 1283.05 ............................................................................. 7

Federal Arbitration Act ................................................................................................ 8

## I. INTRODUCTION

Plaintiff's opposition fails to provide any reason why the parties' arbitration agreement should not be enforced.

First, Plaintiff argues that there is no evidence of an agreement to arbitrate between the parties. However, Plaintiff does not dispute that he received an offer letter setting forth the terms of his employment with CBRE, including the agreement to submit his claims to binding individual arbitration. He also does not dispute that he accessed the Candidate Gateway, reviewed the terms of his offer, electronically accepted the offer letter, and began working for CBRE thereafter. Thus, there can be no dispute that an arbitration agreement exists between the parties.

Second, Plaintiff has not established that the agreement is unconscionable. The mere fact that the arbitration agreement is a contract of adhesion is insufficient to find it invalid. Plaintiff's argument that the failure to attach the applicable arbitration rules renders the agreement unenforceable is unsupported by the law. Moreover, Plaintiff's substantive unconscionability argument relies solely on the claim that incorporating the discovery provisions of the California Arbitration Act ("CAA") is improper. Plaintiff does not cite any authority in support of this assertion. To the contrary, the relevant authority confirms that the discovery provisions of the California Arbitration Act are sufficient. Since no element of substantive unconscionability is present, and there is little, if any, procedural unconscionability, the agreement is enforceable.

Lastly, Plaintiff concedes that his proposed class claims must be dismissed pursuant to the express terms of his agreement, and that he must proceed in arbitration on an individual basis only. Plaintiff only opposes CBRE's motion with respect to the request that the portion of his PAGA claim seeking "victim-specific relief" also be ordered to individual arbitration. *Esparza v. KS Indus., L.P.*, 13 Cal.App.5th 1228 (2017) – the only published and binding California authority on this topic – mandates that this portion of Plaintiff's PAGA claim be arbitrated on an

-1-

individual basis. Relevant federal authority indicates that the Ninth Circuit agrees with *Esparza*, and Plaintiff has not provided any persuasive reason to find otherwise. Accordingly, CBRE's motion should be granted in full.

## II. ARGUMENT AND AUTHORITIES

### A. There Is Sufficient Evidence Of A Valid Agreement To Arbitrate

Plaintiff alleges CBRE failed to produce evidence of an agreement to arbitrate because there is no signed writing evidencing the parties' agreement. This assertion relies on a misrepresentation of the evidence.

As a preliminary point, Plaintiff misconstrues CBRE's burden of proof. On a motion to compel arbitration, the moving party bears only a nominal burden of demonstrating the existence of an arbitration agreement. *See Condee v. Longwood Management Corp.*, 88 Cal.App.4th 215, 217-219 (2001); *Taft v. Henley Enters.*, 2016 U.S. Dist. LEXIS 193641, at *6-9 (C.D. Cal. 2016). CBRE easily met this burden by submitting a copy of the agreement at issue, as set forth in Plaintiff's offer letter, as well as a screenshot of Plaintiff's unique Candidate Gateway page reflecting the date and time of his acceptance of the job offer, including the arbitration provision. (Hudson Decl., ¶5, Exh. B.) *See*, *e.g.*, *Espejo v. Southern California Permanente Medical Group*, 246 Cal.App.4th 1047, 1060 (2016) ("[W]e conclude that defendants here met their initial burden by attaching to their petition a copy of the purported arbitration agreement"); *Condee*, 88 Cal.App.4th at 219 (To meet its burden, the "petitioner must attach a copy of the agreement to the petition, *or* its 'provisions … shall be set forth' in the petition.") (emphasis in original). As Plaintiff concedes, an arbitration agreement need not be signed to be enforceable. *See Ambler v. BT Ams., Inc.*, 964 F. Supp. 2d 1169, 1174 (N.D. Cal. 2013). Nonetheless, here, the evidence demonstrates that Plaintiff electronically accepted the offer letter, including the arbitration provision, and thereafter proceeded to "ready to hire status," was hired by CBRE and worked for CBRE for over a year before he began a leave of absence. (Hudson Decl., ¶¶5-6, Exh. B.) Thus, contrary

to Plaintiff's assertion, CBRE has produced more than sufficient evidence establishing that an agreement to arbitrate exists.

An employer is only required to take additional steps to authenticate a plaintiff's acceptance of an arbitration agreement if the validity of that acceptance is challenged. *See Espejo*, 246 Cal.App.4th at 1060-61. Here, Plaintiff neither disputes that he received the offer letter nor challenges his electronic acceptance of its terms on March 27, 2015. In the absence of any such challenge or dispute, CBRE was not required to present anything more. *Condee*, 88 Cal.App.4th at 218.

Although not required to satisfy its burden, CBRE also provided the declaration of Joseph M. Hudson, the Senior Vice President of Human Resources, Global HR Operations for CBRE, with its moving papers.[1] Mr. Hudson articulated in detail the steps that an applicant must take to view the offer letter on CBRE's Candidate Gateway and electronically accept those terms, evidencing that Plaintiff, and no one else, manifested his agreement to arbitrate. Specifically, after Plaintiff was sent an email with a link directing him to the Candidate Gateway website, he was required to personally create a unique username and password to access Candidate Gateway. (Hudson Decl., ¶3.) As Mr. Hudson confirmed, Plaintiff's Candidate Gateway account could only be accessed by inputting his unique username and password, and no one other than Plaintiff had access to that information. (*Id.*) Next, to accept the offer letter, Plaintiff was required to log into

---

[1] Plaintiff's objections to Mr. Hudson's declaration should be overruled. In his role as Senior Vice President of Human Resources, Global HR Operations for CBRE, Mr. Hudson has established a proper foundation that he has personal knowledge of the standard onboarding process for candidates who are offered positions with CBRE, like Plaintiff. (Hudson Decl., ¶2.) Mr. Hudson further states that he is a custodian of CBRE's online databases reflecting candidate offer letters, and that the databases are maintained in the regular course of business and are updated automatically as candidates agree to and accept these onboarding documents and the acceptance of those offers. (*Id.*) Thus, Mr. Hudson can properly authenticate documents obtained from those databases.

Candidate Gateway using his unique username and password, that only he had access to, and electronically click a box to indicate his acceptance. (*Id.*, ¶5.) Without following the steps as outlined by Mr. Hudson, Plaintiff would not have proceeded to "ready to hire" status and would not have been hired by CBRE, which he was. (*Id.*)

Plaintiff's reliance on *Espejo* and *Gonzalez v. CEVA Logistics U.S., Inc.*, 2016 U.S. Dist. LEXIS 150766 (N.D. Cal. 2016), is misplaced. In both cases, the employer satisfied its burden to show an agreement to arbitrate by providing information demonstrating the "security precautions regarding transmission and use of an applicant's unique username and password, as well as the steps an applicant would have taken" to affirm his agreement. *See Espejo*, 246 Cal.App.4th at 1062; *Gonzalez*, at *9-11. CBRE has done the same through the declaration of Mr. Hudson. Plaintiff does not contend that he did not follow the steps outlined by Mr. Hudson or that he did not have the ability to do so, nor does Plaintiff assert that he did not accept the terms of his offer letter or that someone else had access to the Candidate Gateway account. Indeed, Plaintiff submitted no declaration challenging the evidence of his acceptance. As the Court noted in *Gonzalez*, a "bare allegation" that the database could have been altered or hacked is insufficient. *Gonzalez*, at *11. Thus, an agreement to arbitrate exists.

**B.** **The Agreement Is Not Unconscionable**

    **1.** **Minimal Procedural Unconscionability, If Any, Exists**

Plaintiff's assertion that the agreement is procedurally unconscionable because it is a contract of adhesion ignores the fact that California has long permitted employers to impose arbitration agreements on an employee as a condition of employment. *See, e.g.*, *Guiliano v. Inland Empire Personnel, Inc.*, 149 Cal.App.4th 1276, 1292 (2007) ("[T]he compulsory nature of a predispute arbitration agreement does not render the agreement unenforceable on grounds of coercion or for lack of voluntariness."); *Fittante v. Palm Springs Motors, Inc.*, 105

Cal.App.4th 708, 721 (2003) (recognizing that contracts of adhesion are not necessarily unconscionable); *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal.App.4th 1105, 1122 (1999) ("a predispute arbitration agreement is not invalid merely because it is imposed as a condition of employment … the mandatory nature of an arbitration agreement does not, by itself render the agreement unenforceable."); see also *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1750 (2011) ("the times in which consumer contracts were anything other than adhesive are long past"). In fact, "th[e] adhesive aspect of an agreement is not dispositive." *Serpa v. California Surety Investigations, Inc.*, 215 Cal.App.4th 695, 704 (2013).

In the employment context, a contract of adhesion does not evidence a high level of procedural unconscionability absent some additional evidence of "unfair surprise," "oppression" or "sharp practice." *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1245 (2016). Here, there is nothing in the record, not even a declaration from Plaintiff, which supports a finding of such conduct. *See Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal.App.4th 1159, 1165 (2004) (reversing denial of a motion to compel arbitration where the plaintiff failed to "introduce or rely on any evidence of the circumstances surrounding the execution of the agreement" to set forth procedural unconscionability); *Owens v. Intertec Design, Inc.*, 38 Cal.App.4th 72 (1995) (reversing denial of petition to compel arbitration for lack of "substantial evidence" where the plaintiff failed to submit a declaration "in support of the 'facts' underlying his arguments in opposition to the petition"). Plaintiff argues that he was only given six days to respond to the offer letter, but does not submit any evidence demonstrating that amount of time was insufficient, let alone amounted to "unfair surprise," "oppression" or "sharp practice." Notably, Plaintiff did not even use all the time he was permitted to review the offer, as he accepted the offer the same day as it was posted. (Hudson Decl., ¶¶4-5.) Moreover, a failure to read or fully

understand an arbitration clause is no defense to enforcement. *See Madden v. Kaiser Found. Hosp.*, 17 Cal.3d 699, 710 (1976).

Lastly, Plaintiff's contention that the failure to attach the applicable arbitration rules creates procedural unconscionability has been foreclosed by the California Supreme Court's holding in *Baltazar*, 62 Cal.4th at 1237. Like Plaintiff, Baltazar argued procedural unconscionability because the employer did not provide her "with a copy of the AAA's rules for arbitration of employment disputes, which, by the terms of the arbitration agreement, govern any arbitration between the parties." *Id.* at 1246. The Supreme Court rejected this argument, holding that the employer's "failure to attach the AAA rules therefore does not affect our consideration of Baltazar's claims…" *Id.* Notably, the Supreme Court rejected Baltazar's reliance on the same cases Plaintiff relies upon, *Trivedi v. Curexo Technology Corporation*, 189 Cal.App.4th 387 (2010), and *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004), because those "unconscionability claim[s] depended in some manner on the arbitration rules in question," not whether the rules were attached.[2] *Baltazar* at 1246. Accordingly, whether or not the arbitration rules were attached to the agreement has no bearing on the unconscionability analysis. Thus, at best, the agreement has only slight procedural unconscionability.

### 2. <u>There Is No Evidence Of Substantive Unconscionability</u>

Plaintiff's sole argument that the agreement is substantively unconscionable is that it unfairly restricts the scope of permissible discovery. This argument is contradicted by the relevant authority. As an initial matter, CBRE disputes that *Armendariz*, including its guidance regarding the provision of sufficient discovery in arbitration, is relevant to the Court's analysis. *See AT&T Mobility v. Concepcion*,

---

[2] Plaintiff also cites *Zullo v. Superior Court*, 197 Cal.App.4th 477 (2011) where the court noted that the failure to provide the applicable rules "adds a bit to the procedural unconscionability." *Id.* at 485. The cases cited by *Zullo* were all subsequently rejected by the Supreme Court in *Baltazar*.

131 S.Ct. 1740, 1749 (2011) (recognizing that the FAA "embod[ies] [a] national policy favoring arbitration" . . . and "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"); *see also Perry v. Thomas*, 482 U.S. 483, 489-90 (1997) (internal citations omitted) ("We see nothing in the [FAA] indicating that the broad principle of enforceability is subject to any additional limitations under state law.").

In any event, the agreement more than satisfies *Armendariz*. The agreement provides that the arbitration "shall be conducted pursuant to the provisions of the arbitration rules of the state in which you are or were last employed by CBRE (e.g., in California the California Arbitration Act)…." (Hudson Decl., Exh. A at p. 2.) The California Arbitration Act ("CAA") provides the "right to take depositions and to obtain discovery regarding the subject matter of the arbitration." Cal. Code Civ. Proc. §1283.05(a). Despite Plaintiff's argument to the contrary, this provision allows for more than sufficient discovery and it makes no difference that depositions may not be taken unless leave to do so is granted by the arbitrator. *See*, *e.g.*, *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 106 (2000) (arbitration agreements must allow "discovery sufficient to adequately arbitrate their statutory claim[s] including access to essential documents and witnesses, ***as determined by the arbitrator(s)***") (emphasis added); *see also Mercuro v. Superior Court*, 96 Cal.App.4th 167, 184 (2002) ("adequate discovery does not mean unfettered discovery and . . . an arbitration agreement may require something less than the full panoply of discovery provided in Code of Civil Procedure section 1283.05"). As such, Plaintiff has failed to present any evidence of substantive unconscionability and the agreement should be enforced in its entirety.

**C.** **The Relevant Authority Weighs In Favor Of Striking Plaintiff's Representative PAGA Claim For "Victim-Specific" Relief**

Plaintiff concedes that his class allegations must be stricken and his claims must proceed in arbitration on an individual basis only. (Opposition at 10:11-15.)

Plaintiff disagrees, however, that his claim for "victim-specific relief" under PAGA must also be compelled to individual arbitration. In doing so, Plaintiff asks the Court to ignore *Esparza,* the only California binding precedent on this topic. *Esparza* clearly holds that a plaintiff's PAGA claims seeking "unpaid wages are subject to arbitration pursuant to the terms of the parties' arbitration agreement and the Federal Arbitration Act" and that "[t]he rule of nonarbitrability [of PAGA claims] adopted in *Iskanian* is limited to representative claims for civil penalties in which the state has a direct financial interest." *Esparza*, 13 Cal.App.5th at 1245-46. *Esparza* expressly found that although the wages recoverable under section 558 are denominated "civil penalties," such wages are not "civil penalties" within the meaning of the *Iskanian* exception to FAA preemption. *Id.*

As an initial matter, Plaintiff does not dispute that he seeks "victim-specific relief." (*See* SAC, ¶ 149.) Plaintiff's point that section 558 does not provide a private right of action is irrelevant. Plaintiff is attempting to recover under section 558 through PAGA. His arbitration agreement precludes him from pursuing such recovery on behalf of others, and requires him to pursue his individual recovery in arbitration.

Plaintiff also does not dispute that *Esparza*'s holding is on all fours with this case. Instead, Plaintiff asks the Court to disregard this controlling authority and instead follow *Lawson v. SB, N.A.*, 18 Cal.App.5th 705 (2017), which is no longer binding or precedential authority following the California Supreme Court's grant of review. Further, *Lawson* simply assumes that because PAGA designates the wages recoverable under California Labor Code section 558 as "civil penalties," they fall within the *Iskanian* exception to FAA preemption. *Lawson* provides no explanation at all as to how its holding squares with *Iskanian*'s instruction that a state may not circumvent the FAA by labeling what is effectively victim-specific relief for damages as a civil penalty. Plaintiff also cites *Williams v. Superior Court*, 237 Cal.App.4th 642 (2015). However, *Williams* does not address the same issue as

1 *Esparza*, but instead involves whether a plaintiff who signed an arbitration
2 agreement must demonstrate in arbitration that he is an "aggrieved employee"
3 within the meaning of PAGA before he can pursue a PAGA claim in court.
4 *Williams*, 237 Cal.App.4th at 649.

5     Moreover, although Plaintiff is correct that *Mandviwala v. Five Star Quality*
6 *Care, Inc.*, 2018 U.S. App. LEXIS 2770 (9th Cir. Feb. 2, 2018), is not published, its
7 holding should not simply be dismissed as Plaintiff suggests. Rather, *Mandviwala*
8 provides clear guidance as to how the Ninth Circuit has evaluated and reconciled the
9 conflict in *Esparza* and *Lawson*, concluding that the reasoning of *Esparza* is more
10 persuasive. *Id.* at *3-5. At least one district court has correctly recognized
11 *Mandviwala*'s guidance on this subject and agreed. *See Cabrera v. CBS Rx Servs.*,
12 2018 U.S. Dist. LEXIS 43681, at *13-15 (N.D. Cal. March 16, 2018). Plaintiff has
13 cited no contrary authority. Accordingly, Plaintiff cannot avoid, and this Court
14 should not ignore, the weight of authority directing Plaintiff's claim for "victim-
15 specific relief" under PAGA to individual arbitration.

### III. CONCLUSION

17     The evidence establishes that a valid agreement to arbitrate exists between
18 Plaintiff and CBRE. Plaintiff has failed to demonstrate that the agreement is
19 unconscionable or should not be enforced for any other reason. Accordingly, CBRE
20 requests that this Court order the parties to arbitrate Plaintiff's claims, including the
21 claim for "victim-specific relief" under PAGA, on an individual basis and stay this
22 matter, including the remaining non-arbitrable portion of the PAGA claim, pending
23 completion of the arbitration.

| | |
|---|---|
| 1 | Dated:  July 27, 2018 |
| 2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 3 | |
| 4 | By    /s/ Cassidy M. English |
| 5 | DEREK R. HAVEL<br>CASSIDY M. ENGLISH<br>LIMORE TORBATI |
| 6 | |
| 7 | Attorneys for Defendant<br>CBRE, INC. |