RICHARD E. QUINTILONE II (SBN 200995)
ANDREW H. HAAS (SBN 276143)
ALEJANDRO QUINONES (SBN 324244)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TEL.: (949) 458-9675
FAX: (949) 458-9679
EMAIL: req@quintlaw.com; ahh@quintlaw.com; axq@quintlawq.com

Attorneys for Plaintiff, RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated *(additional counsel on next page)*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal Bar No. 193464
CASSIDY M. ENGLISH, Cal. Bar No. 268103
LIMORE TORBATI, Cal. Bar No. 301932
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:      dhavel@sheppardmullin.com
            cenglish@sheppardmullin.com
            ltorbati@sheppardmullin.com

Attorneys for Defendant CBRE GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBRE GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.: 8:18-cv-00237-JLS-KES**<br><br>**PAGA ACTION**<br>**Assigned for All Purposes To:**<br>**Judge: Josephine L. Staton**<br>Courtroom:   10A<br><br>**DECLARATION OF RICHARD E. QUINTILONE II, ESQ. IN SUPPORT OF PAGA SETTLEMENT**<br><br>Complaint Filed:  September 22, 2017<br>Removed: February 9, 2018<br>Trial Date: None Set |

-1-

DEC OF RICHARD E. QUINTILONE II, ESQ. ISO PAGA SETTLEMENT

MARC H. PHELPS (SBN 237036)
**THE PHELPS LAW GROUP**
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel.: (949) 629-2533
Fax: (949) 629-2501
Email: marc@phelpslawgroup.com

ROGER R. CARTER (SBN 140196)
BIANCA A. SOFONIO (SBN 179520)
**THE CARTER LAW FIRM**
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel.: (949) 260-4737
Fax: (949) 629-2501
roger@carterlawfirm.net

Attorneys for Plaintiff, RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated

# DECLARATION OF RICHARD E. QUINTILONE II

I, Richard E. Quintilone II, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts in the State of California and am principal and founder of Quintilone & Associates, counsel for Plaintiff and PAGA Representative Ricardo Romo ("Plaintiff"), on behalf of himself and all other aggrieved employees of Defendant CBRE Group, Inc. ("CBRE" or "Defendant").

2. I have participated in this case from the beginning, and if called to testify, I could and would testify truthfully to the matters set forth in this Declaration. This declaration is based upon personal knowledge gained from representation of Plaintiff since the inception of this matter. All the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief which those I believe them to be true.

3. This declaration is filed in support of the concurrently filed Joint Notice of Settlement.

4. Plaintiff filed a putative class action on **September 22, 2017** in Orange County Superior Court. Plaintiff then filed a First Amended Complaint ("FAC") adding a PAGA cause of action on **December 4, 2017**. Defendant removed the case to this Court on **February 9, 2018**. Plaintiff filed a Second Amended Complaint ("SAC") in this Court (alleging the same claims) on **April 29, 2018**.

5. Plaintiff's FAC and SAC allege claims for: (1) failure to pay wages under the FLSA; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to pay wages for hours worked; (7) failure to pay wages due and payable twice monthly; (8) failure to pay wages upon termination of

employment; (9) unlawful competition and unlawful business practices; and (10) violations of the Private Attorney General Act.

6. The Parties participated in arm's-length and informed negotiations at a mediation in Los Angeles, California, with Mediator Jeffrey Krivis on **September 26, 2019.** The mediation resulted in a resolution of the PAGA claims, and the Parties executed a Memorandum of Understanding ("MOU") containing all material points of the settlement. The MOU was then reduced to a long-form Settlement Agreement, which is attached hereto as **Exhibit A.**

7. Pursuant to paragraph 2 of the Settlement Agreement, the settlement period ends on the date the Court enters approval of the settlement (or on December 31, 2019 if approval is not entered prior to that date)). Accordingly, a proposed judgment is filed concurrently herewith.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed on **October 23, 2019** at Lake Forest, California.

_____
RICHARD E. QUINTILONE II, ESQ.
Attorney for Plaintiff
RICARDO ROMO and aggrieved employees

**Exhibit A**

| | |
|---|---|
| 1 | RICHARD E. QUINTILONE II (SBN 200995) |
| 2 | ANDREW H. HAAS (SBN 276143) |
|   | ALEJANDRO QUINONES (SBN 324244) |
| 3 | **QUINTILONE & ASSOCIATES** |
|   | 22974 Eʟ Tᴏʀᴏ Rᴏᴀᴅ, Sᴜɪᴛᴇ 100 |
| 4 | Lᴀᴋᴇ Fᴏʀᴇsᴛ, CA 92630 |
|   | Tᴇʟᴇᴘʜᴏɴᴇ: (949) 458-9675 |
| 5 | Fᴀᴄsɪᴍɪʟᴇ: (949) 458-9679 |

6  Attorneys for Plaintiff Ricardo Romo and Aggrieved Employees

7  SHEPPARD, MULLIN, RICHTER & HAMPTON ʟʟᴘ
   A Limited Liability Partnership
8  Including Professional Corporations
9  DEREK R. HAVEL, Cal Bar No. 193464
   LIMORE TORBATI, Cal. Bar No. 301932
10 333 South Hope Street, 43rd Floor
   Los Angeles, California 90071-1422
11 Telephone:    213.620.1780
   Facsimile:    213.620.1398
12

13 Attorneys for Defendant CBRE, INC.

14                    UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RICARDO ROMO, on behalf of himself and on behalf of a Class of all other persons similarly situated, | Case No: 8:18-cv-00237-JLS-KES |
| | Assigned to the Honorable Josephine L. Staton |
| | JAMS Ref. No. 1200055202 |
| Plaintiff, | **PAGA SETTLEMENT** |
| v. | |
| CBRE, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, | Complaint Filed: September 22, 2017 |
| | FAC Filed: December 4, 2017 |
| Defendants. | SAC Filed: April 29, 2018 |
| | Trial Date: None |
| | Arbitration Date: August 26-30, 2019 |

-1-

**PAGA S**ETTLEMENT **A**GREEMENT

Subject to Court approval by the United States District Court, Central District of California ("Court"), Plaintiff Ricardo Romo ("Plaintiff") and Defendant CBRE, Inc., ("Defendant") (collectively, the "Parties") hereby agree to the following binding settlement ("Settlement" or "Settlement Agreement") of the PAGA claims in the lawsuit entitled <u>Ricardo Romo v. CBRE, Inc.</u>, Case No. 8:18-cv-00237-JLS-KES (the "Action").

**P**ERSONS **C**OVERED **B**Y **T**HE **S**ETTLEMENT

1. <u>Aggrieved Employees</u>: This Settlement covers all persons who worked for Defendant in California as a non-exempt Building Engineer at any time during the Settlement Period (the "Aggrieved Employees").

2. <u>Settlement Period</u>: The Settlement covers the period from September 22, 2016 to December 31, 2019, or the date the Court enters approval of this settlement, whichever comes first. ("Settlement Period" or "PAGA Period").

3. <u>Effective Date</u>: "Effective Date" will be 15 days from the date that the Court or any party hereto serves notice of the Court's order and judgment approving the PAGA Settlement ("Court Approval Order and Judgment") assuming no timely appeal thereto has been filed within 30 days. In the event that a timely appeal is filed within 30 days of the Court Approval Order and Judgment, the Effective Date shall occur when the appeal is adjudicated and no longer subject to further judicial review. At no time will Defendant have any obligation to fund the settlement, in whole or in part, until after this Effective Date.

**S**ETTLEMENT **C**ONSIDERATION

4. <u>Maximum Settlement Value</u>: Defendant shall pay a maximum total of $540,000.00 to settle the PAGA claims in the Action. In no event shall Defendant be liable for more than $540,000.00 as a result of this PAGA Settlement, and any of the attorneys' fees, costs, administrative fees, PAGA payment, third party administrative fees, and service award shall be paid from this amount.

5. <u>Attorneys' Fees and Costs</u>: In full satisfaction of all claims Plaintiff may have for attorneys' fees, litigation costs, and expenses arising out of the PAGA Claims in the Action, Defendant agrees to pay Plaintiff's counsel, Richard E. Quintilone II, Andrew H. Haas, and Alejandro Quinones of Quintilone & Associates ("Plaintiff's Counsel"), a maximum amount of $183,315.00 in attorneys' fees and $17,000.00 in litigation costs

and expenses ("Attorneys' Fees and Costs"). Any unused portion of the attorneys' costs shall be distributed to the Aggrieved Employees and LWDA on a pro-rata basis.

6. <u>Settlement Administrator</u>: The Parties agree to use ILYM Group Inc. ("Settlement Administrator") to distribute the Maximum Settlement Value.

7. <u>Settlement Administrator Costs & Responsibilities</u>: The Settlement Administrator shall be paid for the costs of administration of the Maximum Settlement Value of the approximate 514 employees, including the Attorneys' Fees and Costs and PAGA Penalties Fund. The estimate of such costs of administration for the disbursement of the Maximum Settlement Value is $9,000.00 ("Settlement Administrator Costs"). Any amount awarded for costs of administration to the Settlement Administrator less than $9,000.00 will result in the non-awarded amount to be part of the PAGA Penalties Fund, available for distribution to Aggrieved Employees. This estimate includes the required tax reporting on the settlement amounts. The Settlement Administrator shall be responsible for all tax reporting requirements. In the event this Settlement does not become final for any reason, then the Maximum Settlement Value, along with any interest accrued, shall be returned to Defendant immediately within seven (7) calendar days, except that any fees already incurred by the Settlement Administrator shall be paid in equal parts by Plaintiff and Defendant. No later than two (2) calendar days prior to the Effective Date, the Settlement Administrator shall provide the Court and all counsel for the Parties with a statement detailing the costs of administration of the Maximum Settlement Value. The Settlement Administrator will also cooperate with Class Counsel's requests for data relating to information relating to the amounts payable to the Aggrieved Employees. This shall include declaration testimony by a representative of the Settlement Administrator.

8. <u>PAGA Penalties Fund</u>. The PAGA Penalties Fund shall be calculated as follows: Maximum Settlement Value reduced by Attorneys' Fees and Costs and Settlement Administrator Costs (i.e. "PAGA Penalties Fund"). The Parties agree that Defendant will pay the amount of the PAGA Penalties Fund to the California Labor and Workforce Development Agency ("LWDA") and Aggrieved Employees in full satisfaction of all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged to have been violated in the operative Complaint with respect to Aggrieved Employees ("PAGA Penalties Fund"). Pursuant to PAGA, Seventy Five Percent (75%) of the PAGA Penalties Fund, will be paid to the LWDA, and the remaining Twenty-Five Percent (25%), will be paid to all Aggrieved Employees according to the pay

periods worked during the Settlement Period. The formula to be used is as follows: Settlement Payment to each Aggrieved Employee = 25% of PAGA Penalties Fund × [Pay Periods Worked by Individual Aggrieved Employee During PAGA Period ÷ Total Pay Periods Worked by All Aggrieved Employees during PAGA Period].

9. <u>Court Approval of the Settlement and Distribution of Settlement Payments</u>. The Parties will present this Settlement Agreement to the Court and will request that the Court issue a Court Approval Order and Judgment approving and incorporating by reference the terms and conditions of the Settlement Agreement, and entering judgment.

10. <u>Funding of the Settlement</u>. Within fifteen (15) calendar days after the Effective Date of the Settlement, Defendant will issue the Maximum Settlement Value of $540,000.00 to the Settlement Administrator, who will then make payments to: (a) Aggrieved Employees; (b) the Labor and Workforce Development Agency; and (c) Plaintiff's counsel within 10 calendar days of receipt of those funds.. Defendant will issue the appropriate tax forms for all payments issued under this Settlement. All settlement payments to Aggrieved Employees are considered penalty payments and therefore will be treated as miscellaneous income for which a 1099 form will be issued.

11. <u>Settlement Payments to Aggrieved Employees</u>: The Settlement Administrator will issue each Aggrieved Employee a check for his or her share of the PAGA Penalties Fund along with an explanatory letter attached hereto as Exhibit A. Checks will remain negotiable for 120 days. Any checks returned as non-deliverable on or before the check cashing deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto. Funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed for more than 120 days after issuance will be tendered to the California State Controller to be deposited in the Unclaimed Property Fund in the Aggrieved Employees' name.

12. <u>Released Claims</u>. The LWDA, Plaintiff, and Aggrieved Employees shall fully release and forever discharge any and all claims arising during the Settlement Period seeking civil penalties under PAGA, including under Labor Code Section 558(a) penalties recoverable under PAGA, that were asserted or could reasonably have been asserted based on the facts alleged in the Action, including claims for failure to provide minimum wages, overtime compensation, meal breaks, and rest breaks, failure to provide and maintain accurate itemized wage statements, failure to timely pay wages due during or at separation of employment, and claims arising under or

relating to the alleged violations of California Labor Code §§ 201-204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198 and 2699 *et seq.* ("Released Claims"), against Defendant, its past and present divisions, affiliates, affiliated entities, related entities, parents, managing members, subsidiaries, predecessors, successors, assigns, and their respective former and present shareholders, owners, officers, directors, employees, agents, trustees, attorneys or legal representatives, insurers, representatives, administrators, fiduciaries, beneficiaries, subrogees, partners, and/or any other entity or individual which could be liable for the acts or omissions of Defendant in relation to the Released Claims (hereinafter "Released Parties"). It is understood and agreed that this Agreement neither releases the Released Parties from liability, if any, to Aggrieved Employees for violations of any predicate statutes other than PAGA, nor effects a waiver of claims by Aggrieved Employees against the Released Parties for any individual wage and hour claims, other than PAGA. Upon the issuance of the Court Approval Order and Judgment, Plaintiff and all Aggrieved Employees will be forever barred from pursuing against Defendant any and all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged or could have been alleged to have been violated in the Action with respect to Aggrieved Employees based on the facts alleged in the Complaint during the Settlement Period.

13. <u>No Credit Toward Benefit Plans</u>. Payments to Aggrieved Employees as referenced herein will not be utilized to calculate any additional benefits under any benefit plans to which any Aggrieved Employee may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Aggrieved Employee may be entitled under any benefit plans.

14. <u>No Prior Assignments</u>. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

15. <u>Nullification of Settlement Agreement</u>. In the event that: (i) the Court does not approve the Settlement as provided herein; or (ii) the Settlement does not become final for any other reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null and void, and the Parties will be returned to their original respective positions.

16. <u>Continued Jurisdiction</u>.  After entry of the Court Approval Order and Judgment, the Court will have continuing jurisdiction solely for purposes of addressing:  (i) the interpretation and enforcement of the terms of the Settlement, (ii) settlement administration matters, and (iii) such post-Court Approval matters as may be appropriate under court rules or as set forth in this Settlement.

17. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the entirety of the Parties' settlement terms for the PAGA Settlement Agreement.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

18. <u>Amendment or Modification</u>.  This Settlement Agreement may be amended or modified only by a written instrument, signed by either all the Parties or their successors-in-interest or counsel for all Parties.

19. <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

20. <u>Binding on Successors and Assigns</u>.  This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

21. <u>California Law Governs</u>.  All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of California.

22. <u>Execution and Counterparts</u>.  This Settlement Agreement is subject only to the execution of all Parties.  However, the Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.

23. <u>Acknowledgement that the Settlement is Fair and Reasonable</u>. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations by experienced counsel. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

24. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

25. <u>Captions</u>. The captions and section numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Settlement Agreement.

26. <u>Enforcement Action</u>. In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

27. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

28. <u>Representation By Counsel</u>. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the consent and advice of counsel, and reviewed in full.

29. <u>Cooperation and Execution of Necessary Documents</u>. All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

30. <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to enter into

this Settlement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

31. **Confidentiality**. The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the fact, amount or terms of the Settlement prior to the Effective Date. Plaintiff's Counsel may respond to press inquiries by stating the matter has been resolved and refer the press to court filings. In addition, Plaintiff's Counsel agree that they will not engage in any advertising or distribute any marketing materials specifying any material terms relating to the Settlement of this case, including but not limited to any postings on any websites maintained by Plaintiff's Counsel prior to the Effective Date. Any communication about the Settlement to Aggrieved Employees prior to the check mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming notice letter in the form attached hereto as Exhibit A. Plaintiff is prohibited from discussing the terms or the fact of this PAGA Settlement with third parties prior to the Effective Date other than (1) his immediate family members, (2) his respective accountants or lawyers as necessary for tax purposes; or (3) the Aggrieved Employees covered by this Agreement. For purposes of seeking court approval of the PAGA Settlement Agreement, the Parties are permitted to attach and describe this Settlement Agreement any motion or stipulation seeking court approval of this Settlement Agreement.

32. **Denial of Liability**. The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Defendant. Nothing in this Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of this Action, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement or any orders or judgments of the Court entered into in connection therewith.

**READ CAREFULLY BEFORE SIGNING**

Dated: October __17__, 2019          Plaintiff RICARDO ROMO

By _____*Ricardo Romo* (DocuSigned: D4EA7D4F438C4C4...)_____
RICARDO ROMO

Dated: October ____, 2019          Defendant CBRE, INC.

By _____
ELIZABETH ATLEE, DEPUTY GENERAL COUNSEL-LITIGATION

**APPROVED AS TO FORM and ATTORNEY OBLIGATIONS ONLY**

Dated: October __17__, 2019          QUINTILONE & ASSOCIATES

By _____*Richard E. Quintilone II* (DocuSigned: 9DCE7F24C5E7406...)_____
RICHARD E. QUINTILONE II
ANDREW H. HAAS
ALEJANDRO QUINONES
Attorneys for Plaintiff
RICARDO ROMO

Dated: October ____, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____*[signature]*_____
DEREK R. HAVEL
LIMORE TORBATI
Attorneys for Defendant
CBRE, INC.

-9-

**READ CAREFULLY BEFORE SIGNING**

Dated: October ____, 2019                             Plaintiff RICARDO ROMO

By _____
            RICARDO ROMO

Dated: October 14, 2019                               Defendant CBRE, INC.

By _[signature]_____
   ELIZABETH ATLEE, DEPUTY GENERAL COUNSEL-
                    LITIGATION

**APPROVED AS TO FORM and ATTORNEY OBLIGATIONS ONLY**

Dated: October ____, 2019                             QUINTILONE & ASSOCIATES

By _____
      RICHARD E. QUINTILONE II
      ANDREW H. HAAS
      ALEJANDRO QUINONES
      Attorneys for Plaintiff
      RICARDO ROMO

Dated: October 15, 2019                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _[signature]_____
      DEREK R. HAVEL
      LIMORE TORBATI
      Attorneys for Defendant
      CBRE, INC.

-9-

# EXHIBIT A

<<DATE>>

<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS>>

Re: Payment From *Ricardo Romo v. CBRE, Inc.*

Dear <<FIRST NAME>> <<LAST NAME>>:

Enclosed you will find a check made payable to you. This is your payment from the settlement of the lawsuit entitled *Ricardo Romo v. CBRE, Inc.*, Case No. 8:18-cv-00237-JLS-KES (United States District Court, Central District of California) (the "Action").

The Action was filed against CBRE, Inc. ("CBRE"), pursuant to the California Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.* ("PAGA"). The claim was brought by a former Building Engineer on behalf of the State of California and all hourly Building Engineers who worked for CBRE in California at any time from September 22, 2016 onward. You have been identified as one of the employees on whose behalf the case was brought.

The plaintiff in the Action claimed that CBRE owed penalties under PAGA for alleged violations of California Labor Code related to compensation, overtime, meal periods, rest periods, and related employment practices as applied to CBRE's hourly Building Engineers between September 22, 2019 and <<DATE COURT ENTERS ORDER APPROVING SETTLEMENT OR DECEMBER 31, 2019 (WHICHEVER COMES FIRST)>> (the "Settlement Period"). CBRE maintains that its policies and practices were lawful and that all employees were provided all meal periods, rest periods and compensation to which they were entitled under the law, and denies that it owes any unpaid wages or penalties.

The Court has not ruled on the merits of the lawsuit, but it has approved the settlement amount the parties agreed to. A portion of this settlement amount, goes to the State of California's Labor and Workforce Development Agency ("LWDA"). Another portion of the settlement amount goes to the current and former employees who were allegedly affected by the wage and hour practices at issue in the case. In agreeing to this settlement, CBRE does not admit that it is liable in any way to its current or former employees for underpaid wages or penalties.

Pursuant to the settlement, enclosed is a check for your share of a portion of the civil penalties. You are not a party to this lawsuit, but you and the government will be bound by the Release and Judgment in this matter as to civil penalties. Specifically, the Release is as follows:

> The LWDA, Plaintiff, and Aggrieved Employees shall fully release and forever discharge any and all claims arising during the Settlement Period seeking civil penalties under PAGA, including under Labor Code Section 558(a) penalties recoverable under PAGA, that were asserted or could reasonably have been asserted based on the facts alleged in the Action, including claims for failure to provide minimum wages, overtime compensation, meal breaks, and rest breaks, failure to provide and maintain accurate itemized wage

statements, failure to timely pay wages due during or at separation of employment, and claims arising under or relating to the alleged violations of California Labor Code §§ 201-204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198 and 2699 *et seq*. ("Released Claims"), against Defendant, its past and present divisions, affiliates, affiliated entities, related entities, parents, managing members, subsidiaries, predecessors, successors, assigns, and their respective former and present shareholders, owners, officers, directors, employees, agents, trustees, attorneys or legal representatives, insurers, representatives, administrators, fiduciaries, beneficiaries, subrogees, partners, and/or any other entity or individual which could be liable for the acts or omissions of Defendant in relation to the Released Claims (hereinafter "Released Parties"). It is understood and agreed that this Agreement neither releases the Released Parties from liability, if any, to Aggrieved Employees for violations of any predicate statutes other than PAGA, nor effects a waiver of claims by Aggrieved Employees against the Released Parties for any individual wage and hour claims, other than PAGA. Upon the issuance of the Court Approval Order and Judgment, Plaintiff and all Aggrieved Employees will be forever barred from pursuing against Defendant any and all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged or could have been alleged to have been violated in the Action with respect to Aggrieved Employees based on the facts alleged in the Complaint during the Settlement Period.

If you would like additional information regarding this lawsuit, you may visit the court's website at https://www.pacer.gov/.

Very truly yours,

INSERT NAME AND TITLE